IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN FRANCIS THOMAS, #189325,) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-346-TMH |
| ) | |
| ALABAMA BOARD OF PARDONS ) | |
| and PAROLES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Melvin Francis Thomas ["Thomas"], a state inmate, challenges the decision to deny him parole issued on January 24, 2013 based on information received at a January 22, 2013 parole hearing. Thomas names the Alabama Board of Pardons and Paroles, individual members of the parole board, a victim's rights representative for the Alabama Attorney General and a victim's rights advocate from Victims of Crime Against Leniency ["VOCAL"] as defendants in this cause of action. Specifically, Thomas complains that he was denied due process during the parole consideration process because participating parole board members (i) relied on alleged false information obtained from witnesses regarding premeditation to deny him parole, (ii) received information from the Attorney General's representative and the advocate

from VOCAL absent oath or affirmation, (iii) failed to provide him the opportunity to rebut the presumption of premeditation, and (iv) denied him a reason for the denial of parole. *Complaint - Doc. No. 1* at 3. He also alleges that the representatives for the Attorney General and VOCAL submitted false information to the parole board at the parole hearing. *Id*. Thomas seeks a new parole consideration hearing absent the alleged violations of his constitutional rights.

Upon review of the allegations contained in the complaint, the court concludes that the plaintiff's claims against the Alabama Board of Pardons and Paroles and the victim's rights advocate for VOCAL are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I. DISCUSSION

### A. The Alabama Board of Pardons and Paroles

The law is well-settled that a state agency, as an extension of the State, is "not a 'person' within the meaning of § 1983" and is therefore absolutely immune from suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). *Carey v. Wynn, et al.*, *Carey v. Wynn, et al.*, Case No. 07-CV-1106-MHT-TFM (M.D.

---

[1] The court entered an order granting Thomas leave to proceed *in forma pauperis* in this cause of action. *Order of May 28, 2013 - Doc. No. 3*. Despite Thomas' payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Ala. February 24, 2011), affirmed on appeal (11th Cir. June 10, 2011) - *Doc. No. 116* at 7. Thus, the plaintiff's claims against the Alabama Board of Pardons and Paroles are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] The claims against the parole board are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Representative of VOCAL

Thomas asserts that an individual associated with VOCAL, a private organization which represents the interests of crime victims, protested his release on parole. *Complaint - Doc. No. 1* at 3. Under applicable federal law, the claims presented against this individual provide no basis for relief in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

> Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

It is clear that the individual representing the victim on behalf of VOCAL is not a state actor nor are his actions in any way attributable to the State. *Carey v. Wynn, et al.*, *supra - Doc. No. 116* (order of the Eleventh Circuit affirming judgment on appeal) at 7 ("VOCAL is a private organization, its actions in lodging a protest to the release of an inmate on parole are not attributable to the state, and thus, it is not a proper party in [a] § 1983 action."). Moreover, the court concludes that the mere fact an individual lodges a protest to the release of an inmate on parole, standing alone, fails to implicate the Constitution. In light of the foregoing, the court concludes that the instant claims against the advocate from VOCAL are frivolous and subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Alabama Board of Pardons and Paroles and the victim's rights advocate for VOCAL be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Alabama Board of Pardons and Paroles and the victim's rights advocate for VOCAL be dismissed be dismissed as defendants in this cause of action.

3.  This case, with respect to the allegations set forth against defendants Wynne, Longshore, Walker, Dillard and the victim's rights representative for the Attorney General of Alabama, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before July 5, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of June, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE