IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELVIN FRANCIS THOMAS, #189325, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-346-MHT |
| | ) | (WO) |
| | ) | |
| WILLIAM W. WYNNE, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Melvin Francis Thomas ("Thomas"), an indigent state inmate, against William Wynne, Jr.,

Robert P. Longshore and Cliff Walker, members of the Alabama Board of Pardons and

Paroles, Cynthia Dillard, the Executive Director of the Alabama Board of Pardons and

Paroles, and Ashley Harbin, the victim's rights representative for the Alabama Attorney

General's Office.  *Compl. - Doc. No. 1.*  The claims remaining before the court challenge

actions taken by defendant Harbin and defendants Walker and Longshore, the two voting

members of the Alabama Board of Pardons and Paroles, in denying Thomas parole on

January 22, 2013.  *See Recommendation of June 20, 2013 - Doc. No. 6*, adopted as opinion

of the court, *Doc. No. 26* (October 7, 2013) (dismissing claims against the Alabama Board

of Pardons and Paroles and the victim's rights advocate for VOCAL).  Specifically,

Thomas alleges that defendants Walker and Longshore relied on "false and erroneous

information" provided by witnesses, including defendant Harbin, at his parole hearing that his attempted murder of the victim "was a premeditated shooting" to deny him parole. *Comp. - Doc. No. 1* at 3.   Thomas also argues that defendants Walker and Longshore violated his right to due process when they did not permit him an opportunity to present evidence in rebuttal to the testimony regarding premeditation, refused to rely solely on the state court criminal record, i.e, the indictments issued against him, the guilty verdicts rendered by the jury for attempted murder and discharging a firearm into an occupied dwelling, the PSI report and the trial transcript, in determining his suitability for parole, failed to provide a reason for the denial of parole, failed to place the victims' rights representatives under oath immediately prior to receiving testimony at his hearing and did not furnish him a list of individuals who "wanted parole denied." *Id*. at 3-4.  Thomas seeks a declaratory judgment and injunctive relief.  *Id*. at 4.

The defendants filed special reports and supporting evidentiary materials addressing the claims presented against them.  In these documents, the defendants deny they acted in violation of Thomas' constitutional rights during the parole consideration process and/or in making the determination to deny parole.  Upon receipt of the defendants' special reports, the court issued an order directing Thomas to file a response in opposition to these reports, including affidavits or statements made under penalty of perjury and other evidentiary materials. *Order of August 7, 2013 - Doc. No. 23* at 2.  This order specifically cautioned Thomas that unless "**sufficient legal cause**" is shown within fifteen days of entry of this order "**why such action should not be undertaken**, . . . the court may at any time

[after expiration of the time for his filing a response to this order] and **without further notice to the parties** (1) treat the special reports and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." *Id*. at 2-3.   Thomas filed a response, supported by various evidentiary materials, in opposition to the defendants' reports.

Pursuant to the August 7, 2013 order, the court deems it appropriate to treat the defendants' reports as motions for summary judgment.   Thus, this case is now pending on the defendants' motions for summary judgment.   Upon consideration of these motions, the evidentiary materials filed in support thereof, the sworn complaint and the plaintiff's response and supporting exhibits, the court concludes that the defendants' motions for summary judgment are due to be granted.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."   Fed.R.Civ.P. 56 Advisory Committee Notes.   Under this revision, "[s]ubdivision (a) carries

party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (moving party has initial burden of showing there is no genuine dispute of material fact for trial). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims presented by the plaintiff. Based on the foregoing, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered

---

forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Despite these stylistic changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-594 (internal

quotation marks omitted) (Once the moving party meets its burden, "the non-moving party

must then go beyond the pleadings, and by its own affidavits [or statements made under

penalty of perjury], or by depositions, answers to interrogatories, and admissions on file,"

demonstrate that there is a genuine dispute of material fact.).  This court will also consider

"specific facts" pled in a plaintiff's sworn complaint when considering his opposition to

summary judgment.  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir.

2014).  A genuine dispute of material fact exists when the nonmoving party produces

evidence that would allow a reasonable fact-finder to return a verdict in its favor.

*Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d

1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment.  In respect to the latter, our inferences must accord
> deference to the views of [parole] authorities.  Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).  To proceed beyond the summary judgment stage, an inmate-plaintiff is

required to produce "sufficient [favorable] evidence" which would be admissible at trial

supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on

which the nonmoving party relies] is merely colorable . . . or is not significantly probative

. . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.").  Hence, when a plaintiff fails to set forthspecific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th

Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists).  At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists."  *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant.  *United States v. One Piece of Real Property Located at 5800 SW 74thAvenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. ZenithRadio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

The court has undertaken a thorough and exhaustive review of all the evidence contained in the record. After such review, the court finds that Thomas has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

### III.  DISCUSSION OF CLAIMS[2]

### A.  Material Facts

Thomas is currently confined in the custody of the Alabama Department of Corrections on consecutive sentences of twenty and ten years imprisonment imposed upon him in 1996 by the Circuit Court of Cleburne County, Alabama for convictions of attempted murder and discharging a firearm into an occupied dwelling.   The parole decision relevant to this cause of action occurred on January 22, 2013 when defendants Walker and Longshore voted to deny Thomas parole.  *Compl. - Doc. No. 1* at 2.  The record demonstrates that the denial of parole occurred because defendants Walker and Longshore did not believe that Thomas constituted an acceptable risk for release on parole.  *Exh. 1 to the Parole Defendants' Special Report (Aff. of Cliff Walker) - Doc. No. 14-1* at 2; *Exh. 4 to the Parole Defendants' Special Report (Aff. of Robert P. Longshore) - Doc. No. 14-4* at 2.  The board members scheduled Thomas' next parole consideration for January of 2018.  *Exh. A to the Parole Defendants' Special Report (Report of Action by the Board) - Doc. No. 14-2* at 3.

Thomas alleges that defendant Harbin provided information he categorizes as false to the parole board during his parole hearing when she provided her opinion that the crimes were premeditated.  *Compl. - Doc. No. 1* at 3.  Thomas further contends that defendants

---

[2]The court limits its review to the allegations set forth in the complaint.  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."); *Ganstine v. Secretary, Florida Dept. of Corrections*, 502 F. App'x 905, 909-910 (11th Cir. 2012) (plaintiff may not amend complaint at the summary judgment stage by raising a new claim or presenting a new basis for a pending claim); *Chavis v. Clayton County School District*, 300 F.3d 1288, 1291 n. 4 (11th Cir. 2002) (district court correctly refused to address a new theory raised during summary judgment because the plaintiff had not properly amended the complaint).

Walker and Longshore improperly relied on this information to deny him parole.  *Id*. Harbin denies she provided false or erroneous information to the Parole Board, asserts she did not reference premeditation during her statements to the Board and maintains that she simply "asked the Board to deny parole . . . due to the violent offense and because the victim was currently still suffering from the crime." *Exh. A to Defendant Harbin's Special Report (Aff. of Ashley Harbin) - Doc. No. 21-1* at 2.  Defendants Walker and Longshore assert that to their knowledge the testimony presented regarding alleged premeditation is neither false or erroneous and deny any reliance on false or erroneous information in reaching the decision to deny Thomas parole.  Instead, these defendants maintain that their examination of relevant documents, evaluation of the nature of the offenses committed by Thomas and consideration of hearing testimony they deemed accurate demonstrated to each of them that Thomas did not constitute an acceptable risk for release on parole.[3]  *Exh. 1 to the Parole Defendants' Special Report - (Aff. of Cliff Walker) - Doc. No. 14-1* at 2; *Exh. 4 to the Parole Defendants' Special Report (Aff. of Robert P. Longshore) - Doc. No. 14-4* at 2 (same).

## B.  Respondeat Superior and Vicarious Liability

Defendants Walker and Longshore are the only employees of the Parole Board who in any manner participated in the decision to deny Thomas parole in January of 2013.  Thus,

---

[3]In considering Thomas for release on parole, defendants Walker and Longshore considered documents from the state criminal record which contained information establishing that the crimes stemmed from a long running property dispute between Thomas and the victim.

the claims against the remaining parole defendants entitle Thomas to no relief as these claims are based on theories of respondeat superior and/or vicarious liability.

The law is well settled "that Government officials may not be held liable for the unconstitutional conduct of their subordinates [or co-workers] under the theory of *respondeat superior* [or vicarious liability]. . . . *Robertson v. Sichel,* 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ('A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed [alongside,] by or under him, in the discharge of his official duties'). Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (A supervisory official "can have no respondeat superior liability for a section 1983 claim."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or

vicarious liability.).  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal*, 556 U.S. at 677, 129 S.Ct. 1949.  Thus, liability for actions of defendants Walker and Longshore could attach to the other named parole defendants only if these other defendants "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation."  *Cottone*, 326 F.3d at 1360.

Thomas, however, has presented no evidence and the court cannot envision the existence of any evidence which would create a genuine issue of disputed fact with respect to the claims lodged against defendants Wynne and Dillard.  The evidentiary materials filed in this case which could be presented at trial demonstrate that these defendants did not personally participate in or have any involvement with the claims on which Thomas seeks relief.  In light of the foregoing, defendants Wynne and Dillard can be held liable for actions of defendants Walker and Longshore only if their actions bear a causal relationship to the purported violations of Thomas' constitutional rights and federal law.

To establish the requisite causal connection and therefore avoid entry of summary judgment in favor of defendants Wynne and Dillard, Thomas must present sufficient evidence which would be admissible at trial of either "a history of widespread abuse [that] put[] [these defendants] on notice of the need to correct the alleged deprivation, and [they] fail[ed] to do so . . ." or "a . . . custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or . . . facts [that] support an inference that [these defendants] directed [defendants Walker and Longshore] to act unlawfully, or knew that [they] would

act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted).  A thorough review of the pleadings and evidentiary materials submitted in this case demonstrates that Thomas has failed to meet this burden.

The record before the court contains no evidence to support an inference that defendants Wynne and Dillard directed Walker and Longshore to act unlawfully or knew that they would act unlawfully and failed to stop such action.  In addition, Thomas has presented no evidence of obvious, flagrant or rampant abuse of continuing duration in the face of which these defendants failed to take corrective action.  Finally, it is clear that the challenged actions did not occur pursuant to a policy enacted by Wynne and Dillard.  Thus, the requisite causal connection does not exist between the actions challenged by Thomas and the conduct of the aforementioned defendants and liability under the custom or policy standard is not warranted. Summary judgment is therefore due to be granted in favor of defendants Wynne and Dillard.

### C.  False Information

Thomas complains that defendants Walker and Longshore relied on false and erroneous information to deny him parole.  *Compl. - Doc. No. 1* at 3.  Specifically, Thomas alleges that the testimony submitted at his parole hearing by defendant Harbin and other adverse witnesses referenced premeditation which he contends is false because, in his opinion, his actions were not premeditated and state law does not require a showing of premeditation to prove either of the offenses for which he stands convicted.  *Id*.  Defendant Harbin denies she provided false or erroneous information to the Parole Board during the

hearing on January 22, 2013 and asserts that the only statements she made at such time

were true and correct.  *Exh. A to Defendant Harbin's Special Report (Aff. of Ashley Harbin)*

*- Doc. No. 21-1* at 2.

In response to Thomas' claims, defendant Walker states as follows:

I am a Member of the Alabama Board of Pardons and Paroles.  In that capacity, among other duties, I am one of three regular board members who have the discretionary decision-making authority of whether or not to grant parole or to deny parole to prisoners during parole consideration hearings conducted in open public meeting[s].

I was one of two board members [the other being Robert P. Longshore] that voted to deny Melvin Thomas . . . parole on January 22, 2013 and reset him for further parole consideration in January of 2018.

I personally studied Mr. Thomas' case to determine his ultimate fitness for parole and was not of the opinion that Melvin Thomas could live and remain at liberty without violating the law and that his release would be compatible with the welfare of society.

When making my decision to deny Mr. Thomas parole, I reviewed and weighed all of the evidence in Mr. Thomas' parole file, which also contains Mr. Thomas' PSI Report, indictments, criminal history and social history.  I considered the testimony and protests taken at Mr. Thomas' parole hearing and determined what facts to believe as true and what facts to believe as false.  I was not persuaded that Mr. Thomas would be a suitable candidate for parole, so I voted to deny him parole.

I did not base my decision to deny Mr. Thomas parole on false information or . . . on statements made by those in attendance at his parole hearing that his crime was premeditated.

I deny knowingly relying on or using false information to deny Mr. Thomas parole on January 22, 2013.

I deny violating Mr. Thomas' federally protected constitutional rights when denying Mr. Thomas the benefit of parole.

*Exh. 1 to the Parole Defendants' Special Report (Aff. of Cliff Walker) - Doc. No. 14-1* at

*1-3*; *Exh. 4 to the Parole Defendants' Special Report (Aff. of Robert P. Longshore) - Doc.*

*No. 14-4* at 1-3 (same).

Defendant Harbin denies providing any false information to the Parole Board.  *Exh. A to Defendant Harbin's Special Report (Aff. of Ashley Harbin) - Doc. No. 21-1* at 2. Defendants Walker and Longshore do not admit that the information they utilized in the parole decision-making process was false and categorically deny any knowing reliance on false information.  *Exh. 1 to the Parole Defendants' Special Report (Aff. of Cliff Walker) - Doc. No. 14-1* at 2; *Exh. 4 to the Parole Defendants' Special Report (Aff. of Robert P. Longshore) - Doc. No. 14-4* at 2.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.  The appellate court, however, carefully distinguished its holding in *Monroe* from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*.  In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole.  *Slocum*, 678 F.2d at 941.  The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors.  Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information.  We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration.  *Id.* at 942.  We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files.  *Id.*  In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such

information, at least in part, to deny Monroe parole and to classify him as a sex offender.  As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.  *Slocum* controls the disposition of the instant false information claim.

Defendant Harbin avers that the information she provided to the Parole Board constituted an accurate recitation of facts.  Defendants Walker and Longshore maintain that the information on which they relied to deny Thomas parole is true and that reliance on this information did not infringe on any of Thomas' constitutional rights.  Of specific importance, there is no admission by any of the defendants that the information utilized in denying Thomas parole is false, incorrect or erroneous.  Thomas has failed to come forward with any evidence which indicates that the defendants knowingly provided or used false information during the parole consideration process.  Moreover, Thomas' conclusory assertion regarding the potential use of false information does nothing more than raise the possibility that information in his records may be false and this mere possibility fails to provide a basis for relief.  *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim.").

The record in this case establishes that the defendants did not provide or rely on ***admittedly*** false information during the parole consideration process or in denying Thomas parole.  Consequently, Thomas is entitled to no relief as a matter of law and entry of

summary judgment in favor of defendants Harbin, Walker and Longshore is therefore appropriate.

### D.  Due Process

To the extent Thomas alleges a lack of due process with respect actions which occurred during the parole consideration process and upon the resulting decision to deny parole, he is entitled to no relief.

"The Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board.  The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination.  It does not contain any language that mandates parole. . . .  When the statute is framed in discretionary terms there is not a liberty interest created. . . .  Alabama parole statutes do not create a liberty interest [in parole]."  *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982).  This court's exhaustive review of the history of the Alabama statute governing release on parole establishes that from its inception the statute has been framed in discretionary terms.[4]  The law is well settled that "the mere possibility of parole provides simply 'a hope that is not protected by due process. . . .' . . . [In addition], the Alabama

---

[4]Section 15-22-26 of the Alabama Code governs the authority of the Alabama Board of Pardons and Paroles to grant parole to inmates.  The pertinent portion of this statute reads as follows:

> No prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but ***only if the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society***.  If the board shall so determine, such prisoner shall be allowed to go upon parole outside of prison walls and enclosure upon such terms and conditions as the board shall prescribe....

*Ala. Code* 15-22-26 (emphasis added).  The statute is clear that the decision to grant parole is within the sole discretion of members of the parole board and that parole is permitted only when board members, in their opinion, deem an inmate suitable for release on parole.

parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole.  *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)."  *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

Thomas does not possess a liberty interest in being granted parole that is protected by the Due Process Clause of the Constitution.  *Heard v. Georgia State Board of Pardons and Paroles*, 222 F. App'x. 838, 840 (11th Cir. 2007); *Monroe*, 932 F.2d at 1441; *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489.   Absent the existence of a constitutionally protected liberty interest in parole, "the procedures followed in making the parole determination are not required to comport with the standards of fundamental fairness."  *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995); *Slocum*, 678 F.2d at 942; *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (because applicable state parole statutes confer "no liberty interest in obtaining parole" inmate could not "complain of the constitutionality of procedural devices attendant to parole decisions.").  Thus, the procedural due process protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas*, 691 F.2d at 488-489, or the parole consideration process.  *Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole rules or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action."  *Thomas*, 691 F.2d at 489.  Defendants

Walker and Longshore maintain that they acted in accordance with the Constitution, federal law, state law and applicable administrative regulations when they considered and subsequently denied Thomas parole.  They also advise that the decision to deny parole was based on their determination that Thomas did not present an acceptable risk for release on parole.[5]  The decision of defendants Walker and Longshore to deny parole demonstrates a reasonable and appropriate action, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates best suited for release on parole are actually granted this privilege.  *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Thomas has therefore failed to present any evidence indicating arbitrary or capricious actions on the part of the Alabama Board of Pardons and Paroles or its members. Consequently, summary judgment is due to be granted in favor of defendants Walker and Longshore with respect to Thomas' claims implicating due process protection.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions for summary judgment be GRANTED.

---

[5]Alabama law vests complete discretion in the Alabama Board of Pardons and Paroles "of determining what prisoners may be released on parole and when and under what conditions" parole will be granted.  *Ala. Code* § 15-22-24(a). The law also gives the parole board ***total discretion*** in determining whether an inmate should be granted parole.  § 15-22-26*, Ala.Code* (A prisoner shall not be released on parole unless "the Board of Pardons and Paroles is of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law and that his release is not incompatible with the welfare of society.").  The Alabama parole statutes governing standards for parole of inmates are typical parole statutes which vest absolute discretion in the Alabama Board of Pardons and Paroles.  *Ellard*, 824 F.2d at 942; *Thomas*, 691 F.2d at 489.  The Alabama parole scheme has been reviewed by the Eleventh Circuit Court of Appeals on numerous occasions with that court acknowledging the constitutionality of the discretion accorded the Board and continuously stressing "that absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."  *Thomas*, 691 F.2d at 489.  As the findings set forth herein make clear, there has been no flagrant or unauthorized action by the parole board or its members warranting interference by this court.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be DISMISSED with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that **on or before June 23, 2016**, the parties may file objections to this Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.   Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 9th day of June, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE